## George McKenzie v. William Boylan.

*Suspension of statute of limitations by absence.*

A finding that defendant with his family moved to Joliet, Illinois, in 1873, "and at that place resided up to the time of the commencement of this suit," is equivalent to a finding that during the intervening period he was absent from Michigan, and brings the case within the exception to the statute of limitations.

Error to Berrien. Submitted Jan. 15. Decided Jan. 28.

Assumpsit on two promissory notes made by McKenzie December 16, 1870, and transferred by successive endorsements to Boylan. The statute of limitations and other defenses were pleaded, but the court, sitting without a jury, found in plaintiff's favor for the amount of the notes. Defendant brings error.

*Edward Bacon* for plaintiff in error, claimed that there was no finding that defendant had changed his domicil, citing *Campbell v. White*, 22 Mich., 178; *Conrad v. Nall*, 24 Mich., 277; and he argued that the fact could not be inferred, *Goodrich v. Detroit*, 12 Mich., 288; *Tillman v. Fuller*, 13 Mich., 120.

*Dallas Boudeman* for defendant in error.

Marston, J. The finding of facts by the court in this case is sufficient to sustain the conclusions of law and judgment rendered thereon.

The claim made that under the finding of facts the cause of action was barred by the statute of limitations cannot be sustained. The court did find "that some time during the year 1873 the defendant, with his family, moved to Joliet in the State of Illinois, and at that place resided up to the time of the commencement of this suit."

The notes matured in 1871, and this action was com-

menced in 1878. We consider it very clear that if defendant moved out of this State into another and resided there from 1873 up to the time of the commencement of this suit, he necessarily must have been absent from this State during the time he resided in Illinois, and consequently the case comes within the exception.

It follows that the judgment must be affirmed with costs.

The other Justices concurred.